UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDRE EARL CODY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:08CV1820 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter is before me on petitioner Andre Earl Cody's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody. Cody requests that his convictions under 21 U.S.C. § 841 and 18 U.S.C. § 924(c)(1)(A) be vacated. For the reasons given below, this motion will be denied.

**I. Background**

On June 15, 2007, Cody attended a meeting with Kirk Allen Newby, Craig Devin Miller, Craig Jamar Brooks, and an undercover agent of the Bureau of Alcohol, Tobacco, and Firearms (ATF). This meeting was pursuant to a plan developed sometime prior to June 6, 2007 by Newby, Miller, and the ATF agent to rob a cocaine supplier of 20 kilos of cocaine. Miller and Newby had agreed to

supply the firearms to be used in the robbery as well as to recruit co-conspirators to take part in the robbery–one of whom ended up being Cody. At the June 15 meeting, the attendees discussed the type of weapons that were to be provided by the co-conspirators for use in the robbery as well as other details.

On June 20, 2007, Newby, Miller, and Brooks again met with the undercover ATF agent to finalize plans for the robbery. During this meeting, Cody, along with Leon L. Combs, arrived at the meeting. At that time, according to the investigation report submitted by Cody with the instant motion, Cody was observed exiting a vehicle, shouldering a blue bag carrying a gun as well as well as holding another firearm which he had retrieved from the car. The guns were later identified as a Norinco SKS assault rifle and a Mossberg 12 gauge pump-action shotgun. In addition to these two firearms, Newby, Miller, and Brooks had also brought firearms and bullet-proof vests to the meeting. During this meeting the attendees discussed the details of the robbery plan, including their intention to use the firearms to obtain the 20 kilos of cocaine. Before the robbery plan could be executed, ATF agents moved in and arrested Cody along with Newby, Miller, Brooks, and Combs.

Cody was charged with three of the five counts listed in the indictment. On September 18, 2007, Cody pleaded guilty to Counts I & II. Count I charged a

violation of 21 U.S.C. §§ 841 and 846, conspiracy to possess with the intent to distribute cocaine.[1] Count II charged a violation of 18 U.S.C. § 924(c), the knowing possession of one or more firearms in furtherance of the drug trafficking conspiracy set forth in Count I.

In Cody's plea agreement signed September 18, 2007, the parties waived their right to appeal non-jurisdictional issues, specifically the right to appeal the factual basis of the plea. Cody also expressly waived a number of other rights, among which were his right to plead not guilty to the charges and the right to require the government to prove the entire case against him beyond a reasonable doubt.

Cody's sentencing hearing took place on December 14, 2007. The pre-sentencing report determined Cody's total offense level to be 31 with a criminal history category of 4. Count I carried a mandatory minimum of 10 years with a guidelines range of 151-188 months. Count II carried a mandatory minimum of 5 years with a guideline range of 60 months. Based on this, as well as the other factors I am required to take into account when determining sentence, I imposed a

---

[1] In his brief, Cody incorrectly lists the § 841(a)(1) and § 846 charges in the original indictment as being separate and distinct counts–that these two charges constituted two of the three charges initially alleged against him. The indictment itself, however, addresses § 841(a)(1) and § 846 together in Count I. Count III, which was later dropped pursuant to the plea agreement, was a charge alleging that Cody violated 18 U.S.C. §§ 922(g)(1) & (2).

sentence of 151 months on Count I and 60 months on Count II, for a total of 211 months–the minimum recommended by the guidelines.

Cody did not file a direct appeal of this sentence. On November 21, 2008, Cody filed the instant motion for relief under § 2255.

**II. Grounds for Relief**

In his § 2255 motion filed on November 21, 2008, Cody raises the following grounds for relief:

(1) Counsel was constitutionally ineffective for advising Cody to enter a plea of guilty without having adequately investigated the legal issues associated with the plea agreement and the sentencing guidelines;

(2) Counsel was constitutionally ineffective for failing to submit mitigating evidence at his sentencing hearing;

(3) Counsel was constitutionally ineffective for advising Cody to enter a plea of guilty to a charge that was not included in the indictment against him; and

(4) Cody is factually innocent of the crimes to which he plead guilty.

**III. Analysis**

*A. Counsel Was Not Constitutionally Ineffective*

To state a claim for ineffective assistance of counsel, Cody must prove two elements. First, he must show that counsel's performance was deficient. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). This requires showing that

counsel made errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this requirement has been established, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id.

Second, Cody "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is not ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

I will address each of Cody's ineffective assistance of counsel of claims in turn.

          1. Ground 1: Advice Regarding the Plea Agreement

Cody's first claim is that his counsel was constitutionally ineffective for failing to adequately investigate the law "as it relates to the plea-agreement" as well as "the guidelines as [they] relate[] to the sentence." In his brief, Cody's argument seems to be that his counsel did not adequately research and understand

the legal test for what conduct is specifically prohibited under the statutes. Cody argues that if counsel had done the proper research, counsel would not (or at least should not have) advised him to plead guilty. Specifically, Cody asserts that because the crime he conspired to commit never actually occurred, he never actively employed the weapons he brought to the meeting and therefore his actions did not constitute a violation of 18 U.S.C. § 924( c). Cody concludes that because his actions in relation to the firearms did not rise to the level of "use" or "carry" under the statute, counsel was constitutionally ineffective for advising him to plead guilty. For all of the reasons stated below, I find that Cody's first claim is without merit.

Cody has also failed to establish that counsel's performance was deficient with regards to the advice counsel gave him regarding the plea agreement. Section 924 (c)(1)(A) imposes an additional five year sentence on "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The Eighth Circuit Court of Appeals has held that this section describes the elements fo two distinct crimes connection firearms with drug trafficking: "(1) using or carrying a firearm during and in relation to the underlying crime, and (2) possessing a firearm in furtherance of the underlying crime." United States v. Brown, 2009 WL 723266,

*8 (8th Cir. March 20, 2009) (emphasis original).

Cody argues that his counsel was ineffective for advising him to plead guilty to Count II because his actions in this case did not constitute "use or carry" under § 924(c)(1)(A). This argument misses the mark because Cody did not plead guilty to the crime proscribed in the first clause of § 924(c)(1)(A), the "use or carry" offense, but instead to the crime described in the second clause of the provision, the "possession in furtherance" offense. Whether or not Cody's conduct is prohibited under the first clause of § 924(c)(1)(A) is irrelevant to determining whether or not it constitutes the conduct prohibited under the second clause.

To satisfy the elements of the "possession" offense of § 924(c)(1)(A), the government must "present evidence from which a reasonable juror could find a 'nexus' between the defendant's possession of the charged firearm and the drug crime, such that this possession had the effect of furthering, advancing, and helping forward the drug crime." United States v. Sanchez-Garcia, 461 F.3d 939, 946 (8th Cir. 2006).

There is ample evidence in the undisputed facts of this case from which Cody's counsel could have reasonably determined that the government would likely be able to establish that Cody's possession of the firearms at issue here furthered a drug trafficking crime. The predicate drug trafficking offense for Cody

was conspiracy to possess cocaine with the intent to distribute. Because this qualifies as a drug trafficking crime, the firearm possession need only further the conspiracy, not actual possession of the drugs or the affirmative distribution thereafter. The statement of facts, both in the plea agreement as well as recited at the change of plea hearing, indicate that during the June 15 meeting among the co-conspirators, including Cody, the parties discussed the type of weapons that would be provided by the co-conspirators for use in the execution of the robbery plan. At the subsequent meeting held on June 20, to which Cody brought the firearms at issue here, the co-conspirators discussed the ways in which the firearms would be used to accomplish the robbery.

Given the numerous discussions held regarding the use of the firearms to execute the robbery, it is clear that possession of the firearms was an integral aspect of the drug trafficking crime in this case. Furthermore, Cody's possession of the firearms at the meeting with his co-conspirators indicated his willingness and ability to proceed with the conspiracy. In light of the stipulated facts in this case, there is simply no basis from which to infer or conclude that the advice Cody's counsel gave him regarding his conduct in relation to the statute fell below any objective professional standards, and therefore the first prong of <u>Strickland</u> has not been satisfied.

Furthermore, even assuming that Cody could have established that his counsel was deficient in advising him regarding accepting the plea agreement, Cody's ineffective assistance of counsel claim would have failed the second prong of <u>Strickland</u> since Cody has not established that he was prejudiced by the advice he received from counsel.

"In establishing an ineffective assistance of counsel claim in the guilty plea context," in addition to satisfying the <u>Strickland</u> standard for deficiency, Cody must also establish that "but for counsel's errors, he would not have pleaded guilty but would have instead proceeded to trial." <u>United States v. Nesgoda</u>, 559 F.3d 867 (8th Cir. 2009).

Here, Cody's own actions contradict the notion that he would have acted differently. The record shows that the elements of the "possession" offense were explained to Cody on multiple occasions. At the change of plea hearing, I described this offense, telling him that if he chose to go to trial, the government would have to prove that he "knowingly possessed one or more firearms in further[ance] of the drug trafficking crime of conspiracy to possess with the intent to distribute cocaine." Cody responded that he understood this and affirmed to me that he understood that he should not plead guilty if he did not believe the government could prove all of the requisite elements beyond a reasonable doubt. Cody later

admitted that the Assistant U.S. Attorney's recitation of the facts was true, and he cannot now contradict those facts he swore under oath to be true.² For these reasons, Ground 1 of Cody's § 2255 motion fails.

### 2. Ground 2: Mitigating Evidence at Sentencing

Cody also claims that his counsel ineffective for failing to investigate and present mitigating evidence at sentencing. This claim fails because Cody does not specify what evidence he believes should have been presented. Moreover Cody's counsel spoke at length on his behalf at sentencing, and she advocated a number of considerations for me to take into account in determining sentence. Following counsel's statements, Cody was offered the opportunity to address the court but he declined. For these reasons, there is no basis from which to conclude that Cody's counsel was deficient during this stage.

Even if Cody had sufficiently established that his counsel was deficient for failing to present evidence in support of mitigation of his sentence, Cody has not established prejudice. Cody was sentenced to the statutory minimum and therefore can offer no evidence that his sentence would have been different had counsel

---

²The relevant portion of the transcript from the change of plea hearing contains the following:
"The Court: Mr. Cody is what the Assistant U.S. Attorney said true?
Cody: Yes, sir.
The Court: Did you do what he says you did?
Cody: Yes, sir."

presented additional evidence. Ground 2 of Cody's § 2255 motion fails.

### 3. Ground 3: Constructive Amendment of the Indictment

Cody's final ineffective assistance of counsel claim is that counsel was ineffective for advising him to plead guilty "to a constructive indictment." Cody's argument is that he pleaded guilty to conspiracy under § 846 and yet was "sentenced to the statute[] of 21 U.S.C. § 841." Cody also believes that it was incorrect for him to be sentenced under § 841(a)(1) since he only conspired to commit the crime of robbery and did not actually commit a robbery.

Cody was charged with conspiracy to possess cocaine with the intent to distribute under 21 U.S.C. §§ 841(a)(1) and 846. Section 841(a)(1) makes it unlawful to "possess with intent to manufacture, distribute, or dispense, a controlled substance" and § 846 provides that "[a]ny person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."

If Cody believes that a § 841(a)(1) crime was not charged in the grand jury indictment, he is wrong since the indictment clearly makes reference to § 841(a)(1)

in Count I.³ If Cody is arguing that he should have been sentenced under § 846, that argument also fails since § 846 merely makes it a crime under § 841(a)(1) to conspire to violate § 841(a)(1). Counsel is not ineffective for failing to make a meritless argument. See Rodriquez v. United States, 17 F.3d 225, 226 (8th Cir. 1994). Ground 3 of Cody's § 2255 motion fails.

  *B. Ground 4:Cody's Claim of Factual Innocence*

  Cody's last ground for relief that he is factually innocent of the crimes to which he pleaded guilty in this case. Cody waived his rights to raise this issue. In the Plea Agreement, Cody agreed to "waive all rights to appeal all non-jurisdictional issues" including the taking or acceptance of the guilty plea and the factual basis for the plea. The Plea Agreement also stated that "[t]he defendant acknowledges being guilty of the crimes to which a plea is being entered." Cody further agreed to "waive all rights to contest the conviction . . . in any post-conviction proceeding, including one pursuant to" § 2255 "except for claims of prosecutorial misconduct or ineffective assistance of counsel." Cody's claim of factual innocence expressly falls within the rights he waived in the Plea Agreement. Because Cody also has not contested that these waivers were given

---

³This appears to be Cody's argument on page 8 of his brief where he asserts that "[a] court cannot permit a defendant to be tried on charges that are not made in the indictment against him."

both "knowingly and voluntarily," the waiver is enforceable. United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992) ("If a waiver of appeal is made knowingly and voluntarily, it is enforceable."). Finally, this claim fails because Cody cannot now contradict his prior admissions of guilt made under oath.

As a result, Ground 4 of Cody's § 2255 motion fails.

*C. An Evidentiary Hearing is Not Warranted*

A § 2255 petitioner is entitled to an evidentiary hearing on his claim unless "the motion and the files and records fo the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007). Furthermore, "vague and conclusory" allegations alone do not warrant an evidentiary hearing. United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995). Here, an evidentiary hearing is not warranted because Cody's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998).

*D. Certificate of Appealability*

As Cody has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a Certificate of Appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d

878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Andre Earl Cody to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to supplement exhibits [#5] is granted.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Cody has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of April, 2009.